# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE BRIDGEWATER,<br>    Petitioner, | Case No. 2:24-cv-3224 |
| v. | Sargus, J.<br>Bowman, M.J. |
| WARDEN, MARION<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner has filed a petition for a writ of habeas corpus in this Court challenging his 2007 Franklin County, Ohio conviction and sentence. (Doc. 3 at PageID 44).

This matter is before the Court on respondent's motion to dismiss. (Doc. 4). As argued by respondent, this is not the first habeas petition filed by petitioner in this Court challenging his Franklin County, Ohio convictions and sentence. *See Bridgewater v. Warden*, Case No. 2:09-cv-711 (S.D. Ohio Aug. 11, 2009) (Frost, J; Kemp, M.J) (Doc. 4). On May 18, 2010, the prior petition was dismissed as time-barred. *See id.* (Doc. 8, 10).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional

error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

On November 12, 2024, after filing the instant case, petitioner filed a motion in the Sixth Circuit Court of Appeals seeking leave to file a second or successive habeas corpus petition. (*See* Doc. 5). In his proposed claims asserted in the motion, petitioner includes the same claims raised as grounds for relief in the petition filed in this Court. (*See* Doc. 1 at PageID 48-53; Doc. 5 at PageID 91-94). The motion remains pending before the Sixth Circuit.

This Court lacks jurisdiction to consider a second or successive petition in the absence of prior authorization by the Sixth Circuit. Ordinarily, rather than dismiss the petition, the Court would transfer the petition to the Sixth Circuit. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996). However, because petitioner has already filed a motion seeking authorization to file a second or successive petition in this Court, which remains pending in the Sixth Circuit Court of Appeals, it is recommended that this action be stayed pending a decision by the Sixth Circuit.

Accordingly, it is **RECOMMENDED** that the motion to dismiss (Doc. 4) be **DENIED, as moot, subject to refiling, and this case be STAYED pending a decision by the Sixth Circuit.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).