UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOMINIQUE BRIDGEWATER,<br>    Petitioner, | Case No. 2:24-cv-3224 |
| v. | Sargus, J.<br>Bowman, M.J. |
| WARDEN, MARION<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Petitioner has filed a petition for a writ of habeas corpus in this Court challenging his 2007 Franklin County, Ohio conviction and sentence. (Doc. 3 at PageID 44). On October 16, 2024, respondent filed a motion to dismiss the petition on the ground that it is second or successive, pursuant to 28 U.S.C. § 2244(b). (Doc. 4). As argued by respondent and previously noted by the Court, this is not petitioner's first habeas corpus petition filed in this Court challenging his Franklin County, Ohio convictions and sentence. *See Bridgewater v. Warden*, Case No. 2:09-cv-711 (S.D. Ohio Aug. 11, 2009) (Frost, J; Kemp, M.J) (Doc. 4). On May 18, 2010, the prior petition was dismissed as time-barred. *See id.* (Doc. 8, 10).

On November 19, 2024, apparently in response to the motion to dismiss, petitioner filed an application 28 U.S.C. § 2244 for permission to file a second or successive habeas petition in the Sixth Circuit Court of Appeals. (Doc. 5). In light of petitioner's pending application to file a second or successive petition, the undersigned issued a Report and Recommendation to stay this case pending a decision by the Sixth Circuit. (Doc. 6). The Report and Recommendation remains pending. On April 3, 2025, the Sixth Circuit denied petitioner authorization to file a second or successive habeas petition. (Doc. 7).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition.  In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals.  28 U.S.C. § 2244(b)(3).  The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above.  *Id.  See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

Because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit.  Ordinarily, rather than dismiss the petition, the Court would transfer the petition to the Sixth Circuit.  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996).  However, in light of the Sixth Circuit's April 3, 2025 Order denying petitioner's motion for an order authorizing a second or successive petition (*see* Doc. 7), the January 24, 2025 Report and Recommendation (Doc. 6) is hereby **VACATED** and it is

**RECOMMENDED** that respondent's motion to dismiss (Doc. 4) be **GRANTED** and this action be **DISMISSED**.

**IT IS SO RECOMMENDED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).