UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DOMINIQUE BRIDGEWATER,**

    **Petitioner,**

  v.

    **Case No. 2:24-cv-03224**
    **Judge Edmund A. Sargus, Jr.**
    **Magistrate Judge Stephanie K. Bowman**

**WARDEN GEORGE FREDERICK,**

    **Respondent.**

## ORDER

This matter is before the Court on the May 6, 2025 Order and Report and Recommendation issued by the Magistrate Judge. (ECF No. 8.)

Petitioner Dominique Bridgewater filed a petition for a writ of habeas corpus challenging his 2007 Franklin County, Ohio conviction and sentence. (ECF No. 3, PageID 44.) Respondent Warden moved to dismiss, explaining that Petitioner sought to challenge the same 2007 conviction that he previously challenged in a federal habeas case, which was dismissed as time barred. (ECF No. 4); *see Bridgewater v. Warden*, Case No. 2:09-cv-711 (S.D. Ohio) (Frost, J., Kemp, M.J.) (ECF Nos. 8, 10). About a month transpired and Petitioner filed an application under 28 U.S.C. § 2244 with the United States Court of Appeals for the Sixth Circuit for permission to file a second or successive habeas petition. (ECF No. 5.)

The Magistrate Judge issued a Report and Recommendation, recommending that the case be stayed pending a decision by the Sixth Circuit and that the Respondent's motion to dismiss be denied as moot, subject to refiling. (ECF No. 6.) While the Report and Recommendation was pending, the Sixth Circuit filed an Order denying Petitioner's motion for authorization to file a second or successive habeas petition. (ECF No. 7.) The Circuit Court found Petitioner had not

made "a prima facie showing that the claim was based on 'a new rule of constitutional law, made retroactive to cases on collateral review but the Supreme Court, that was previously unavailable' or new facts that 'could not have been discovered previously through the exercise of due diligence' and that 'if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.'" (*Id.* PageID 102 (citing 28 U.S.C. §§ 2244(b)(2), (b)(3)(C)).)

After the Sixth Circuit Order was issued, the Magistrate Judge issued an Order and Report and Recommendation vacating the prior Report and Recommendation (ECF No. 6) and recommending that Respondent's motion to dismiss (ECF No. 4) be granted and the action be dismissed. (ECF No. 8.)

The parties were advised of their right to object to the Order and Report and Recommendation and of the consequences of failing to do so (*id.* PageID 106) but did not do so. The Court **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation. (ECF No. 8.) The motion to dismiss (ECF No. 4) is **GRANTED**, and the action is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment and close the case.

   **IT IS SO ORDERED.**


**6/2/2025**                  **s/Edmund A. Sargus, Jr.**
**DATE**                   **EDMUND A. SARGUS, JR.**
                       **UNITED STATES DISTRICT JUDGE**